# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| DARRELL BOLDEN,<br><br>        Plaintiff,<br><br>vs.<br><br>JOHN AULT, BILL SCHETLER, BILL ANGRICK, MARLIN OELTJEN, PAM BENSON, TRACY GUNTER, ED O'BRIEN,<br><br>        Defendants. | No. C05-0066-EJM<br><br><br>INITIAL REVIEW ORDER |

This matter is before the court pursuant to the plaintiff's application to proceed in forma pauperis, filed April 5, 2005. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint and an application for appointment of counsel. On May 26, 2005, the plaintiff submitted a supplement to his application to proceed in forma pauperis and an affidavit. Application to proceed in forma pauperis granted; complaint dismissed as frivolous; application for appointment of counsel denied as moot.

Based on the application and certificate of inmate account, in forma pauperis status shall be granted. 28 U.S.C. § 1915. The Clerk of Court shall file the complaint without the prepayment of the filing fee. Given his current financial status, the plaintiff shall not be required to submit an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Nonetheless, the plaintiff shall submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $250.00 filing fee is paid. 28 U.S.C. § 1915(b)(2). The agency having custody of the plaintiff shall forward payments from his inmate account

to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid. 28 U.S.C. § 1915(b)(2).

Currently confined at the Linn County Correctional Center in Cedar Rapids, Iowa, the plaintiff, proceeding pro se, submitted a complaint under 42 U.S.C. § 1983 to redress the alleged deprivation of his constitutional rights while confined at the Anamosa State Penitentiary in Anamosa, Iowa. Jurisdiction is based on 28 U.S.C. § 1343(a)(3). Under 28 U.S.C. § 1391(b), venue appears proper as the defendants are located in this district and the events giving rise to the instant action occurred in this district.

In his complaint, the plaintiff states:

> I, Darrell Bolden, the plaintiff, on August 15, 2002, witnessed excessive force used on victim Leslie Brinson, which ultimately led to his death by shocking, pepper spray & strangulation by the prison correctional staff. Not external causes as alleged. Warden failed in official duty to protect residents, forming a neglect of duty. Ombudsman exercised divided loyalty to the investigation and disposition of unsolved death. Department of Criminal Investigation failed in questioning all witnesses who were in LUA orientation on August 15th, 2002. Records will support the truth of this complaint & fact finding process which was improperly exercised. Plaintiff has to live day to day dealing with fear & anxiety, emotional duress and sleepless nights from trauma caused by brutal experience. Also deliberate indifference to medical needs for failing to provide mental health treatment under 8th Amendment.

For the alleged violation of his constitutional rights, the plaintiff asks the court to:

> Afford [him] due process of law by evidentiary hearing and see to it that no false information has been documented in all cases. Warrant federal investigation and afford [him] 14th Amendment Right to Equal Protection of law afforded citizens in similar circumstances. Interview all persons [directly involved] such as Correctional Officers working on LUA in Anamosa State

> Prision August 15th, 2002 between 4:00 p.m. and 7:00 a.m.
> August 16th, 2002.

In support of his complaint, the plaintiff submitted an affidavit on May 26, 2005.

Given the facts alleged in the instant complaint, it is clear the plaintiff does not state a viable claim under 42 U.S.C. § 1983.[1] The plaintiff's allegations pertain to another inmate rather than events that personally involved him. Such allegations are insufficient because a "plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as a result of the challenged official conduct, and the injury or threat of injury must be both 'real and immediate,' not 'conjectural or hypothetical.'" *Meis v. Gunter*, 906 F.2d 364, 367-68 (8th Cir. 1990) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983), in turn quoting *Baker v. Carr*, 369 U.S. 186, 204, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962)). In addition, the plaintiff is unable to proceed because he did not suffer a physical injury and "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Further, the applicable statute of limitations bars the plaintiff's action.[2] It is clear that all of the allegations pleaded involved events that occurred more than two years prior to April 5, 2005. Because the plaintiff's claim lacks an arguable basis in law, the plaintiff's complaint under 42 U.S.C. § 1983 shall be

---

[1] It does not appear from the complaint that the plaintiff exhausted his administrative remedies prior to commencing the instant action. *See* 42 U.S.C. § 1997e(a). *See also Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (finding exhaustion requirements under 42 U.S.C. § 1997e(a) not met and dismissing case under 42 U.S.C. § 1997e(c)).

[2] The applicable statute of limitations for actions brought under 42 U.S.C. § 1983 is the period governing personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276-80, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985). In Iowa, the statute of limitations for personal injury actions is two years after accrual. Iowa Code § 614.1(2).

dismissed as frivolous. *See* 28 U.S.C. § 1915A(b)(1). Having determined that it is appropriate to dismiss the instant action as frivolous, the court shall deny as moot the plaintiff's application for appointment of counsel.

It is therefore
ORDERED
1) Application to proceed in forma pauperis granted.
2) The Clerk of Court is directed to file the complaint without the prepayment of the filing fee.
3) The plaintiff is directed to submit monthly payments of 20 percent of the preceding month's income credited to his account until the $250.00 filing fee is paid.
4) The agency having custody of the plaintiff is directed to forward payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid.
5) Plaintiff's complaint is dismissed as frivolous.
6) Plaintiff's application for appointment of counsel is denied as moot.

June 2, 2005.

_Edward J McManus_
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

**TO:** **WARDEN/ADMINISTRATOR**
**Linn County Correctional Center, Cedar Rapids, Iowa**

### NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Darrell Bolden, #59031, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Bolden v. Ault, et al.*, Case No. C05-0066-EJM. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $250.00 filing fee. Because the plaintiff has insufficient funds in his account, the court has not assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Nonetheless,

> . . . [the plaintiff] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [plaintiff] shall forward payments from [his] account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). You must monitor the account and send payments to the Clerk of Court according to the system provided in 28 U.S.C. § 1915(b)(2).

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

_____
Pridgen J. Watkins
  U.S. District Court Clerk
Northern District of Iowa